IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: AMERICAN MEDICAL SYSTEMS, INC.
        PELVIC REPAIR SYSTEM
        PRODUCTS LIABILITY LITIGATION                    MDL 2325

---

THIS DOCUMENT RELATES TO:

*Gonzalez v. American Medical Systems, Inc.*        Civil Action No. 2:16-cv-08344

## ORDER

Before the court are two motions: (1) the Motion to Withdraw as Counsel, filed by plaintiff's counsel on August 16, 2017 [ECF No. 7]; and (2) the Motion to Dismiss With Prejudice, filed by defendant American Medical Systems, Inc. ("AMS") on January 17, 2018 [ECF No. 10]. The plaintiff has not filed a response to either motion, and the time to respond to each has expired. Thus, both matters are now ripe for adjudication. For purposes of clarity, I will discuss each motion in turn.

I.   Discussion

     A. Motion to Withdraw

     In the Motion to Withdraw, Clayton A. Clark, Scott A. Love, and W. Michael Moreland of Clark, Love, & Hutson seek leave to withdraw as counsel for plaintiff Arelia Gonzalez under Local Rule 83.4. As justification for the withdrawal, counsel state that the plaintiff has not responded to multiple communications.

     In response to the Motion to Withdraw, on September 5, 2017, the court entered an order ("Order") staying this action until October 5, 2017. [ECF No. 8]. In

the same order, the court also directed the plaintiff to file a statement of intent to proceed without counsel or to have new counsel enter an appearance by October 5, 2017.[1] Should the plaintiff fail to comply with this directive, the court warned, AMS could move for appropriate relief, including the dismissal of this case with prejudice.

By October 5, 2017, Clayton A. Clark, Scott A. Love, and W. Michael Moreland filed the necessary documents in compliance with the Order. [ECF No. 9]. The plaintiff, on the other hand, failed to file any response. For the reasons stated in the motion, in the absence of any opposition, and in light of counsels' compliance with this court's Order, the Motion to Withdraw as Counsel is **GRANTED**.

### B. Motion to Dismiss

On January 17, 2018, AMS moved to dismiss this case with prejudice. In moving for dismissal, AMS argues that the plaintiff has neither retained new counsel nor filed a notice of intent to proceed without counsel, in violation of the September 5, 2017 order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move for dismissal of a civil action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed. R. Civ. P. 41(b). In this case, the plaintiff failed to respond to a specific directive of the court – either retain new counsel or file a notice of intent to proceed without counsel by October 5, 2017. The conduct of the plaintiff is concerning particularly given the circumstances prompting counsels' request to withdraw – that they lost all communication with the plaintiff.

---

[1] In addition, the court ordered withdrawing counsel to send a copy of the Order and their motion to withdraw to the plaintiff via email and regular mail to her last known address.

The court is aware that this individual case is among several thousands of civil actions grouped in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation. As an added measure of precaution, the court stayed this case, directed withdrawing counsel to certify delivery of the motion to withdraw and a copy the court's order to the plaintiff's last known mailing *and* email addresses, and provided thirty days in which the plaintiff could respond. To date, despite the warning of sanctions, the plaintiff has still not complied with this court's order or requested an enlargement of time to respond.

I recognize that dismissal is "not a sanction to be invoked lightly." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Generally, courts must consider certain criteria addressing the propriety of dismissal as a sanction given the particular circumstances of the case:

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Id.* "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at * 1 (4th Cir. July 22, 1997) (citing *Ballard*, 882 F.2d at 95-96) (finding dismissal with prejudice proper where a litigant ignored an express warning from a magistrate, who advised that a failure to act by a certain date would result in a recommendation for dismissal with prejudice).

Here, the court's September 5, 2017 order expressly warned that if the plaintiff failed to comply with the court's directive by October 5, 2017, "the defendant may move the court for appropriate relief, including dismissal with prejudice." [ECF No. 8]. The warning itself was reasonable as the case has been pending for over a year and the plaintiff has given no clarification that she intends to prosecute her cause of action. Moreover, case management becomes of utmost importance when handling seven MDLs containing thousands of individual cases in the aggregate. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Any further delay would be undue, and the court has little alternative to dismissal.

As a result, the Motion to Dismiss is **GRANTED** and the case is **DISMISSED with prejudice**.

## II.    Conclusion

For the reasons stated above, the court hereby **ORDERS** that the Motion to

Withdraw as Counsel [ECF No. 7] is **GRANTED** and the Motion to Dismiss [ECF No. 10] is **GRANTED**.

The Clerk is **DIRECTED** to terminate Clayton A. Clark, Scott A. Love, and W. Michael Moreland as counsel for the plaintiff and to amend the docket in this case to reflect that the stay previously entered on September 5, 2017 was lifted on October 5, 2017. The Clerk is further **DIRECTED** to lift the seal on the filed documents associated with ECF No. 9, and amend the docket to reflect the plaintiff's address as 4815 N. MacDill, Apt. 109, Tampa Florida 33614.

The court further **ORDERS** that this case is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket. Any motions pending in this case at the time of this dismissal are **DENIED AS MOOT**.

The Clerk is further **DIRECTED** send a copy of this order to counsel of record, and to send a copy of this order to the plaintiff, via certified mail, return receipt requested to 4815 N. MacDill, Apt. 109, Tampa Florida 33614.

ENTER:  February 28, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE